# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERTINO & ASSOCIATES, INC., ) | CIVIL ACTION NO. 1:12-cv-06603-JEI-AMD |
| Plaintiff, ) | |
| v. ) | |
| R L YOUNG, INC., ) D/B/A YOUNG & ASSOCIATES ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT R L YOUNG, INC., D/B/A YOUNG & ASSOCIATES' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) TO DISMISS THE CLAIMS IN THE SECOND AMENDED COMPLAINT OF PLAINTIFF BERTINO & ASSOCIATES, INC.

### ORAL ARGUMENT ON THIS MOTION IS REQUESTED

Respectfully submitted,

COZEN O'CONNOR
A Pennsylvania Professional Corporation


BY: /s/ John P. Johnson, Jr.
John P. Johnson, Jr., Esquire (JJ3052)
Liberty View
457 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Telephone: 856-910-5000
Toll Free Phone: 800-989-0499
Facsimile: 856-910-5075
jjohnson@cozen.com

and

   /s/ Michael P. Stephens
Michael P. Stephens, *pro hac vice pending*
Jenkins & Kling, P.C.
150 N. Meramec Ave., Ste. 400
St. Louis, MO 63105
(314) 721-2525 – Telephone
(314) 721-5525 – Fax
Attorneys for Defendant R L Young, Inc., d/b/a YOUNG & Associates

Dated: March 4, 2013

## **TABLE OF CONTENTS**

PAGES(S)

I. INTRODUCTION ............................................................................................. 1

II. RELEVANT FACTS ........................................................................................ 1

III. LEGAL ARGUMENT ...................................................................................... 3

    A. MOTION TO DISMISS STANDARD ................................................ 3

    B. CHOICE OF LAW ................................................................................ 4

    C. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE ITS CLAIM FOR COMPENSATION FROM THE RESORTS WORLD PROJECT IS OUTSIDE THE SCOPE OF THE FULLY INTEGRATED AGREEMENT AND PAROL EVIDENCE IS NOT ADMISSIBLE TO MODIFY THE TERMS ........... 5

    D. PLAINTIFF FAILS TO STATE QUASI-CONTRACT CLAIMS UPON WHICH RELIEF MAY BE GRANTED BECAUSE OF THE EXISTENCE OF A VALID CONTRACT BETWEEN THE PARTIES ..... 7

    E. PLAINTIFF FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED BECAUSE ITS CLAIM FOR COMPENSATION FOR FIVE YEARS IS BARRED BY THE STATUTE OF FRAUDS ...... 9

    F. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE THE ALLEGED IMPLIED TERMS ARE CONTRARY TO THE EXPRESS TERMS OF THE AGREEMENT ............................................................................... 10

    G. CALIFORNIA DOES NOT RECOGNIZE A CAUSE OF ACTION FOR UNJUST ENRICHMENT ................................................. 11

IV. CONCLUSION ............................................................................................... 11

# TABLE OF CONTENTS

**CASES**           **PAGE(S)**

Abeyta v. Superior Court,
    17 Cal.App.4th 1037 (Cal.App. 2 Dist. 1993) ............................................. 9, 10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 562, (2007) ............................................................................. 3

Dalkilic v. Titan Corp.,
    516 F. Supp.2d 1117, 1193 (S.D. Cal. 2007) ............................................... 10

ERA Franchise Sys., Inc. v. Brager & Assc., Inc.,
    2007 WL 2238161 *6 (E.D. Cal. 2007) ......................................................... 7

Foley v. Interactive Data Corp.,
    47 Cal.3d 654 (Cal. 1988) ............................................................................. 9

Halvorsen v. Aramark Uniform Services, Inc.,
    77 Cal.Rptr. 2d 383, 389 (Cal.App. 3 Dist. 1998) ....................................... 10

Hayter Trucking, Inc. v. Shell Western E&P, Inc.,
    22 Cal.Rptr.2d 229, 237 (Cal.App.5 Dist. 1993) .......................................... 6

Hedging Concepts, Inc. v. First Alliance Mtg. Co.,
    49 Cal.Rptr.2d 191, 197 (Cal.App.2 Dist. 1996) .......................................... 8

In re ConAgra Foods Inc.,
    2012 WL 5995454 *16 (C.D. Cal. 2012) .................................................... 11

In re Insurance Installment Fee Cases,
    150 Cal.Rptr.3d 618, 631 (Cal.App.4 Dist. 2012) ........................................ 6

Klein v. Chevron U.S.A., Inc.,
    137 Cal.Rptr.3d 293, 330-31 (Cal.App.2 Dist. 2012) .................................. 7

Lejeune v. Bliss-Salem, Inc.,
    85 F.3d 1069, 1071 (3d Cir. 1996) ................................................................ 4

Melchior v. New Line Prods., Inc.,
    131 Cal.Rptr.2d 347, 357 (Cal.App. 2 Dist. 2003) ..................................... 11

Nikolin v. Samsung Elecs. Am., Inc.
   No. 10-1456, 2010 U.S. Dist. Lexis 110942, at *9 (D.N.J. Oct. 18, 2010) ............ 4

Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.,
   205 Cal.App.3d 1415, 1422 (Cal.App. 1 Dist. 1988) ............................................ 8

N. Bergen Rex Transp. v. Trailer Leasing Co.,
   158 N.J. 561, 569 (N.J. 1999) ............................................................................... 4

Oravsky v. Encompass Ins. Co.,
   804 F.Supp.2d 228, 233 (D.N.J.2011) .................................................................. 3

P.V. ex rel T.V. v. Camp Jaycee,
   197 N.J. 132, 142-143, 962 A.2d 453 (2008) ....................................................... 4

Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Ass'n.,
   151 Cal.Rptr.3d 93 *2 (Ca. 2013) .......................................................................... 6

Spinks v. Equity Residential Briarwood Apartments,
   171 Cal.App.4th 1004, 1033 (Cal.App. 6 Dist. 2009) ......................................... 10

St. James v. Equilon Enterprises, LLC,
   2008 WL 4279415 *5 (S.D. Cal. 2008) ................................................................ 8

Sutter Home Winery v. Vintage Selections,
   971 F.2d 401, 408-09 (9th Cir.1992) .................................................................... 7

Traumann v. Southland Corp.,
   842 F.Supp. 386, 390 (N.D. Cal. 1993) ................................................................ 6

**STATUTES**

Cal.Civ.Code § 1624(a)(1) .............................................................................................. 9

**COURT RULES**

F.R.C.P. 12(b)(6) ............................................................................................................ 3

**SECONDARY SOURCES**

42 C.J.S. IMPLIED CONTRACTS § 5 (2005) ..................................................................... 8

WILLISTON ON CONTRACTS § 38:12 at 423-24 (4th ed.2000) ...................................... 10

I.    INTRODUCTION

Defendant R L Young, Inc., d/b/a YOUNG & Associates' ("**YA**" or "**Defendant**") Motion to Dismiss is well taken and must be granted.  On January 30, 2013, Plaintiff Bertino & Associates, Inc. filed an eight-count Second Amended Complaint (Doc. 8) (the "**Complaint**") against YA, seeking to recover damages arising out of a one-year consulting agreement regarding services Bertino & Associates, Inc. and/or its owner, Michael S. Bertino (sometimes collectively referred to as "**Bertino**" or "**Plaintiff**"), provided to YA in its property damage repair estimating business.

II.   RELEVANT FACTS

As alleged in the Complaint, YA is in the business of providing building damage assessments and restoration estimates for various insurance companies (the "**YA Business**"). (Complaint, ¶ 6; Independent Consultant Agreement, Plaintiff's Exhibit A, page 8).  YA operates the YA Business via various consultants who travel to the sites of damage to commercial structures to prepare repair estimates. (Complaint, ¶ 6).  YA's owner, Ray Young ("**Young**"), and Michael S. Bertino discussed YA entering into a contractual relationship with Bertino to help identify consultants "who could perform the estimating and evaluations that [YA] needed in the Northeast Region" for the YA Business (the "**Consultants**"). (Complaint, ¶¶ 11, 14). To memorialize these discussions, YA and Bertino entered into an Independent Consultant Agreement on or about July 6, 2010 (the "**Agreement**").  (Complaint, Exhibit A).

The Agreement set forth the specific purpose and scope of services for which Bertino contracted with YA (the "**Services**"). (Agreement, page 1, ¶1). Addendum 1 to the Agreement limited Bertino's responsibilities to "conducting and managing all *Services* either directly or

1

indirectly for sources including but not limited to clients, partners and associates in *the business contemplated by this agreement*." (Agreement, page 8) (emphasis added). The *business* of YA was further described in relation to Bertino's Services:

> YA engages in consulting activities related to insurance companies and third-party adjusters and businesses acting on behalf of insurance companies, including but not limited to, property restoration, property defects, casualty and liability losses and litigation (testimony concerning the Services). **YA engages [Bertino] to perform the preceding services….**

Id. (emphasis added).

Bertino introduced various Consultants to YA, who assisted in preparing damage estimates and property loss evaluations for the YA Business. (Complaint, ¶¶ 15 and 17). In addition, Young and one of the Consultants worked on a project called Resorts World of New York, which was a new casino being constructed in Long Island, New York. ("**Resorts World**" and the "**New Construction Project**"). (Complaint, ¶ 37). Since the New Construction Project was new construction, it was not related to the Services Bertino contracted with YA to perform related to the YA Business. (Complaint, ¶¶ 37, 63, 65, 79; Agreement, page 1, ¶1). The New Construction Project did not involve consulting activities related to insurance companies, third-party adjusters, property restoration, property defects, casualty and liability losses or litigation. (Complaint, ¶¶ 37, 63, 65, 79; Agreement, page 8). Therefore, Bertino is not entitled to compensation for the consulting work related to the Resorts World Project because it is outside the scope of the Agreement.

In addition to limitations on the scope of Bertino's Services, the Agreement provided for a renewable one (1) year term that could be terminated upon ten (10) days written notice by either party. (Complaint, ¶¶ 22, 23). On or about March 23, 2012, YA terminated the

2

Agreement, pursuant to its terms. (Complaint, ¶ 40). Bertino thereafter filed an eight-count complaint. Counts I, II, IV and VI assert that Bertino is entitled to compensation from the New Construction Project, rather than the insurance related claims specified in the Agreement. Counts II, III, V, VII and VIII claim that Bertino is entitled to five (5) years of compensation, rather than the one (1) year specified in the Agreement. In support of these Counts, Bertino cites to a written contract, an oral contract, an implied contract, and a quasi-contract. Not one of these theories, however, is sufficient to state a claim for relief and the Complaint must be dismissed in its entirety.

### III. LEGAL ARGUMENT

#### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Oravsky v. Encompass Ins. Co., 804 F.Supp.2d 228, 233 (D.N.J.2011). The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Id. "The Twombly Court stated that, '[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]'" Oravsky, 804 F.Supp.2d at 233 (quoting Twombly, 550 U.S. at 555). "Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the '[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all

the allegations in the complaint are true (even if doubtful in fact) ....'" Id. (quoting Twombly, 550 U.S. at 555).

Applying this well-settled standard to the obligations in Plaintiff's Complaint, this Court should dismiss Plaintiff's claims against Defendant for failure to state a claim.

**B.     Choice of Law**

A federal court sitting in diversity must apply the choice of law rules of the forum state. Lejeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996). New Jersey's choice-of-law rule applies the "most significant relationship" test of the Restatement (Second) of Conflict Laws. P.V. ex rel T.V. v. Camp Jaycee, 197 N.J. 132, 142-43 (2008). The "most significant relationship" analysis, performed on an issue-by-issue basis, requires a two-step process. Id. at 143. First, an actual conflict of law must exist. Id. Second, if a conflict does exist, the court must determine which date has the "most significant relationship" to the claim by "weighing the factors set forth in the restatement section corresponding to the plaintiff's cause of action." Nikolin v. Samsung Elecs. Am., Inc., No. 10-1456, 2010 U.S. Dist. Lexis 110942, at *9 (D.N.J. Oct. 18, 2010).

The Agreement at issue provides that the rights and duties of the parties shall be governed by California law, which is where the Agreement is deemed to have been entered into by YA and Bertino. (Exhibit A, ¶ 10(b)). YA is a California corporation and, as such, California has the greater interest in protecting its resident's contractual rights and its resident's justified expectation that California law would apply. New Jersey courts will honor parties' contractual choice of which law will govern their agreement "if it does not violate New Jersey's public policy." N. Bergen Rex Transp. v. Trailer Leasing Co., 158 N.J. 561, 569 (N.J. 1999). As shown

4

below, the application of California law does not violate any public policy concern of New Jersey. Accordingly, this Court should apply California law to the substantive issues in this case.

      **C.**     **Plaintiff fails to state a claim upon which relief may be granted because its claim for compensation from the Resorts World Project is outside the scope of the fully integrated Agreement and parol evidence is not admissible to modify the terms.**

In Count I (Breach of Contract) of the Complaint, Plaintiff alleges that Bertino is entitled to compensation for the New Construction Project under the Agreement. The Agreement, however, is limited to consulting services for insurance related damage estimates. To be sure, the Agreement states "The nature and scope of the Services and other specific details related to the Services for the project . . . shall be set forth in the attached Addendum 1." (Agreement, page 1, ¶1). As discussed above, Addendum 1 restricted Bertino's responsibilities to consulting activities related to insurance or adjusting insurance claims such as property restoration, property defects, casualty and liability losses. (Agreement, page 1, ¶1; page 8). The New Construction Project, as alleged by Bertino, relates to the new construction of a casino. Bertino has not and cannot allege that the New Construction Project was in any way related to insurance companies or third-party adjusters that would put this within the scope of the Services as described in the Agreement.

In an attempt to sidestep the express terms of the Agreement, Bertino alleges the scope of Agreement was somehow modified by the oral statements of YA and Young. (Complaint, ¶¶ 28, 29, 32, 47). This argument fails based on the Agreement's merger and integration clause whereby YA and Bertino agreed that:

5

> This Agreement sets forth the entire agreement between and parties concerning the Services . . . No modification or waiver of this Agreement shall be effected unless in writing and duly executed and delivered by each party to the other.

(Agreement, page 5).

California state and federal courts regularly enforce merger and integration clauses such as this. See, e.g. In re Insurance Installment Fee Cases, 150 Cal.Rptr.3d 618, 631 (Cal.App.4 Dist. 2012) ("When the parties to an agreement incorporate the complete and final terms of the agreement in a writing, such an integration in fact becomes the complete and final contract between the parties."); Traumann v. Southland Corp., 842 F.Supp. 386, 390 (N.D. Cal. 1993); Hayter Trucking, Inc. v. Shell Western E&P, Inc., 22 Cal.Rptr.2d 229, 237 (Cal.App.5 Dist. 1993).

The parol evidence rule likewise provides that "when parties enter an integrated written agreement, extrinsic evidence may not be relied upon to alter or add to the terms of the writing." Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Ass'n., 151 Cal.Rptr.3d 93 *2 (Ca. 2013). Bertino's allegations that he relied upon or had certain expectations about the scope of its Services based on oral statements made by YA are insufficient to alter the express terms of the Agreement.

Bertino accordingly cannot state a claim for compensation based on an alleged oral modification to the scope of Services where the express and explicit terms of Agreement require such modifications to be in writing. Therefore, Count I (Breach of Contract) must be dismissed.

6

### D. Plaintiff fails to state quasi-contract claims upon which relief may be granted because of the existence of a valid contract between the parties.

Bertino next seeks the recovery of compensation he alleges was due under the Agreement under Unjust Enrichment (Counts IV and V) and Quantum Meruit (Counts VI and VII) theories. Bertino's argument is two-fold. First, Bertino takes issue with the fact that YA terminated the Agreement and stopped paying Bertino even though YA supposedly is continuing to retain benefits of the Agreement. (Complaint ¶¶ 71 and 72). As noted above, Bertino does not dispute the termination occurred in accordance with the express terms of the Agreement. (Complaint, ¶¶ 23 and 40). Section 3 of the Agreement and Addendum 2 set forth the terms of Bertino's compensation. (Agreement, pg. 2 ¶ 3 and pg. 10). Bertino has not cited to a single provision of the Agreement that provides for the additional compensation he now seeks to recover. Second, Bertino argues he is entitled to compensation for consulting work related to the Resorts World Project. As discussed above in Section B, this alleged work was excluded from the "Services" Bertino contracted with YA to perform for YA. (Complaint ¶ 37).

Bertino's quasi-contract arguments for recovery are insufficient. It is well settled law that a party may not pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter. Klein v. Chevron U.S.A., Inc., 137 Cal.Rptr.3d 293, 330-31 (Cal.App.2 Dist. 2012); ERA Franchise Sys., Inc. v. Brager & Assc., Inc., 2007 WL 2238161 *6 (E.D. Cal. 2007) (citing Kas Oriental Rugs, Inc. v. Ellman, 926 A.2d 387 (N.J.Super.A.D.2007)); Sutter Home Winery v. Vintage Selections, 971 F.2d 401, 408-09 (9th Cir.1992) (denying on the pleadings defendant's quasi-contract claims because relationship between parties governed by a valid express contract). Equally, there is no equitable basis for an

7

implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation. Hedging Concepts, Inc. v. First Alliance Mtg. Co., 49 Cal.Rptr.2d 191, 197 (Cal.App.2 Dist. 1996) (where there is an express contract stating the commission or fee structure, quantum meruit does not apply, regardless of whether or not the salesperson was a procuring cause).

Bertino does not dispute that the Agreement was valid, binding and enforceable until its termination by YA. Bertino's attempt to establish a quasi-contract supplement to the Agreement is contrary to the applicable law and insufficient to state a claim to survive a motion to dismiss. While Bertino claims the value of the benefit supposedly retained by YA is unfair or unjust, a quasi-contract theory, such as unjust enrichment or quantum meruit, does not operate to rescue a party from the consequences of a bad bargain. St. James v. Equilon Enterprises, LLC, 2008 WL 4279415 *5 (S.D. Cal. 2008); 42 C.J.S. IMPLIED CONTRACTS§ 5 (2005). Similarly, it must appear that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust. Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn., 205 Cal.App.3d 1415, 1422 (Cal.App. 1 Dist. 1988).

Sections 3 and 8 of the Agreement set forth the bargained-for Compensation and Terminations terms. The quasi-contract theories advanced by Bertino cannot supplement or circumvent Sections 3 and 8. If Bertino wanted payment for work related to the Resorts World or wanted payments to continue after YA's termination of the Agreement, he should have negotiated for these terms in the Agreement or entered into a separate agreement related to these items. The compensation paid by Young and YA to Bertino is in compliance with the terms of the Agreement, as was the termination of the Agreement. Any benefit derived by YA is not

8

unjust as it was permissible under the terms of the Agreement. Accordingly, Bertino cannot state a claim for Unjust Enrichment (Counts IV and V) or Quantum Meruit (Counts VI and VII) and these counts must be dismissed.

> E. **Plaintiff fails to state claims upon which relief may be granted because its claim for compensation for five years is barred by the Statute of Frauds.**

In addition to payment for services outside the scope of the Agreement, Bertino alleges that he is entitled to compensation for a five (5) years period – yet another claim in contradiction of the express terms of the Agreement. Bertino admits the Agreement specifics a one (1) year time period, yet claims an oral modification entitles him to a five (5) year contract. Specifically, Bertino alleges he had an oral agreement with YA from June 2010 until the present (October 2012). (Complaint, ¶¶ 15 and 32). As indicated above, because the merger and integration clause bars any claims or evidence outside the corners of the Agreement, Bertino cannot state a cause of action. Likewise, Bertino's quasi-contract theory for recovery is barred by the written contract setting forth the term of this employment.

Additionally, Bertino's proposed five year contract violates the Statute of Frauds. As discussed above, the Agreement is governed by California law. (Complaint, ¶ 27; Agreement, pg. 5 ¶ 10(b)). The California Statute of Frauds prohibits enforcement of an oral agreement that by its terms cannot be performed within a year from the making unless it is both in writing and signed by the party to be charged. CAL.CIV.CODE § 1624(a)(1). California courts have held that this section of the Statute of Frauds applies to oral employment agreements. *See, generally* Abeyta v. Superior Court, 17 Cal.App.4th 1037 (Cal.App. 2 Dist. 1993) and Foley v. Interactive Data Corp., 47 Cal.3d 654 (Cal. 1988). Bertino has alleged (1) he "had an Oral Agreement," (2)

9

"for a five (5) year period," and (3) said oral agreement has been in place from the "New Jersey Meeting [June 2010] until the present." (Complaint, ¶¶ 15, 29 and 32).  By Bertino's own admission, the oral agreement "could not have possibly been performed within one year." Dalkilic v. Titan Corp., 516 F. Supp.2d 1117, 1193 (S.D. Cal. 2007); Abeyta v. Superior Court, 17 Cal.App.4th 1037, 1042 (Cal.App. 2 Dist. 1993). As such, the oral agreement is barred by the California Statute of Frauds and unenforceable. Counts II, III, VIII each allude to the alleged "Oral Agreement" and therefore should be dismissed for failure to state a claim.

### F.  Plaintiff fails to state a claim upon which relief may be granted because the alleged implied terms are contrary to the express terms of the Agreement.

Bertino claims the Agreement contained an "implied term" precluding YA from terminating the Agreement for five (5) years if YA's expansion was successful and *another* "implied term" requiring YA to pay Bertino its management fee for five (5) years for the Consultants. (Complaint ¶¶ 28, 29, 50 and 55).  The arguments raised above are equally applicable to these claims (integration and merger clause, Statute of Frauds, quasi-contract).

Contrary to Bertino's assertions, the implied covenant of good faith and fair dealing cannot override an express term in a contract or be extended to create obligations not contemplated by the contract. Spinks v. Equity Residential Briarwood Apartments, 171 Cal.App.4th 1004, 1033 (Cal.App. 6 Dist. 2009); Halvorsen v. Aramark Uniform Services, Inc., 77 Cal.Rptr. 2d 383, 389 (Cal.App. 3 Dist. 1998); WILLISTON ON CONTRACTS § 38:12 at 423-24 (4th ed.2000).  By the same token, the implied covenant of good faith cannot be read to prohibit a party from doing that which is expressly permitted by an agreement. Halvorsen, 77 Cal.Rptr. 2d at 389.

10

Here, the implied terms Bertino seeks to enforce contradict the express terms of the Agreement. If the Court accepts Bertino's argument, YA would be accountable for exercising its contractually bargained-for right to terminate the Agreement per the provisions of Section 8 and the supposed "implied terms" would prevail over the express terms of the Agreement. YA cannot be required to forego or surrender its express right to terminate the Agreement under the guise of "good faith" or "fair dealing." The alleged implied terms suggested by Bertino fly in the face of the applicable law and the terms of the Agreement. Bertino, therefore, cannot maintain its claims for breach of the covenant of good faith and fair dealing alleged in Count II and Count III of the Complaint. Dismissal of these Counts is appropriate.

### G.     California does not recognize a cause of action for Unjust Enrichment.

In California, there is no cause of action for unjust enrichment. Melchior v. New Line Prods., Inc., 131 Cal.Rptr.2d 347, 357 (Cal.App. 2 Dist. 2003). It is a "general principle, underlying various legal doctrines and remedies, rather than a remedy itself." Id. (internal quotation marks omitted). In re ConAgra Foods Inc., 2012 WL 5995454 *16 (C.D. Cal. 2012) ("The court agrees that under California law, a cause of action for unjust enrichment is not cognizable"). Therefore, Count IV and Count V of the Complaint are insufficient as a matter of law and must be dismissed.

### IV.    CONCLUSION

Plaintiff's Complaint fails to state claims upon which relief may be granted. Specifically, the Agreement specifies a one year term for compensation derived from the Services, i.e., damage estimates related to insurance claims. Bertino's claims ask the Court to modify the Agreement and add four years to the compensation term as well as compensation from a

11

construction claim unrelated to the subject of the Agreement. The applicable laws expressly prevent such a result. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests this Court to dismiss Plaintiff's claims with prejudice.

          Respectfully submitted,

          COZEN O'CONNOR
          A Pennsylvania Professional Corporation


          BY: /s/ John P. Johnson, Jr.
          John P. Johnson, Jr., Esquire (JJ3052)
          Liberty View
          457 Haddonfield Road, Suite 300
          Cherry Hill, NJ 08002
          Telephone: 856-910-5000
          Toll Free Phone: 800-989-0499
          Facsimile: 856-910-5075
          jjohnson@cozen.com

          and

          /s/ Michael P. Stephens
          Michael P. Stephens, *pro hac vice pending*
          Jenkins & Kling, P.C.
          150 N. Meramec Ave., Ste. 400
          St. Louis, MO 63105
          (314) 721-2525 – Telephone
          (314) 721-5525 – Fax

          Attorneys for Defendant R L Young, Inc.,
          d/b/a YOUNG & Associates

Dated: March 4, 2013

CHERRY_HILL\687373\1 329255.000